UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **PAYMENT SYSTEMS GROUP, INC.,** | ) | Case Number:  **14-40776-659** |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| **ROBERT J. BLACKWELL, TRUSTEE,** | ) | Adversary Number: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **NATIONAL FINANCIAL** | ) | |
| **SERVICES, LLC,** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **JAN SZALAY,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>COMPLAINT FOR RECOVERY OF FRAUDULENT TRANSFER<br>AND PREFERENCE PAYMENT</u>

COMES NOW Robert J. Blackwell, Chapter 7 Trustee, by and through his undersigned counsel, and for his Complaint for Recovery of Fraudulent Transfer and Preference Payment ("Complaint") states to the Court as follows:

### <u>Jurisdiction</u>

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §151 and §1334 and Local Rule 9.01 of the United States District Court for this District.

2. This matter constitutes a "core" proceeding pursuant to 28 U.S.C. §157(b)(2)(F) and (H).

3.     Venue is proper pursuant to 28 U.S.C. §1409.

4.     The Trustee brings this Complaint pursuant to 11 U.S.C. §§ 543, 547, 548 and 550; and RSMo. §§ 428.024 and 428.029.

## Background

5.     On February 7, 2014, Payment Systems Group, Inc. dba Make My Payments, aka PSG, fdba Biweekly Management, fdba Manage Your Mortgage ("Debtor") filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code ("Code" or "Bankruptcy Code") (this "Case").

6.     On September 3, 2014, the Court converted the above-captioned Case to a proceeding under chapter 7 of the Bankruptcy Code and Robert J. Blackwell ("Trustee/Plaintiff") was appointed chapter 7 trustee, with all rights, powers, and duties of a trustee in bankruptcy pursuant to the Bankruptcy Code.

7.     National Financial Services, LLC ("NFS/Defendant") is a foreign limited liability company in good standing with the Missouri Secretary of State whose principal office address is in Boston, Massachusetts, and whose registered agent is in Clayton, Missouri.

8.     Jan Szalay ("Szalay/Defendant") is an individual residing in Oakland, California who has an individual retirement account through NFS, and is the mother of Grant Szalay, Debtor's co-founder and fifty percent (50%) owner of Debtor.

## Count I – Fraudulent Transfer - $180,000.00

9.     Trustee restates and realleges the allegations contained in paragraphs 1 – 8 above.

10.    Under 11 U.S.C. §548(a)(1)(B):

"The trustee may avoid any transfer … of an interest of the debtor in property, or any obligation … incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily – (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and (ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation, (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or (IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider … and not in the ordinary course of business."

11.     On December 27, 2013, within two years of the filing of the bankruptcy petition on February 7, 2014, the Debtor wired $180,000.00 out of its EverBank bank account ending in 4137 and wired it to NFS.  A copy of page 93 of 94 of Debtor's bank statement reflecting the wire to NFS is attached hereto and incorporated herein as **Exhibit 1**.

12.     Debtor received less than reasonably equivalent value in exchange for such transfer as the $180,000.00 payment was to Szalay's individual retirement account ("IRA").

13.     Debtor was insolvent on the date the transfer was made as by this point, the Debtor's business model was failing and the Debtor was relying upon infusions of cash from other sources such as Szalay.

14.     According to Szalay's proof of claim #132, she signed thirteen (13) promissory notes with the Debtor that resulted in loans totaling $880,330.00.  The Debtor repaid Szalay $540,800.00, but Debtor still owed her $339,500.00.  A copy of proof of claim #132 is attached hereto and incorporated herein as **Exhibit 2**.

15.     According to the Debtor's 2013 federal tax return, it was operating at a loss.

16.     According to the Debtor's balance sheets, Debtor's liabilities exceeded its assets prior to its bankruptcy filing on February 7, 2014.

    a.    December 31, 2010 Debtor Balance Sheet

        (i)    Total Assets:  $3,076,990.05

        (ii)    Total Liabilities:  $4,264,553.90

    b.    December 31, 2011 Debtor Balance Sheet

        (i)    Total Assets: $4,217,447.60

        (ii)    Total Liabilities:  $5,502,736.96

    c.    December 31, 2012 Debtor Balance Sheet

        (i)    Total Assets: $2,927,923.47

        (ii)    Total Liabilities:  $4,374,307.75

A copy of the Debtor's balance sheets are attached hereto and incorporated herein as **Exhibit 3**.

17.     The Debtor's transfer of $180,000.00 on December 27, 2013 left an unreasonably small capital of $17,514.51 in the business account.

18.     One reason $17,514.51 was an unreasonably small capital was because the Debtor, in February 2013, ran over three hundred (300) overdrafts in its EverBank accounts totaling over $111,000.00. Overdrafts continued in April and again in May 2013 (over $17,000 and over $175,000 in overdrafts, respectively). By September 2013, there were over $30,000 in overdrafts and in October 2013, there were over $19,000 in overdrafts. The overdrafts totaled $352,000.00.

19.     On November 26, 2013, EverBank notified Debtor that it was terminating its banking relationship effective February 28, 2014, and requiring Debtor to place

$150,000.00 on deposit no later than December 9, 2013, although that was later extended to December 28, 2013 pursuant to EverBank's December 4, 2013 letter.

20.    Since the transfer of $180,000.00 resulted in a bank balance of $17,514.51, the transfer created a situation where the Debtor could not cover its financial obligations, nor comply with EverBank's requirement of a $150,000.00 deposit, which meant the transfer left an unreasonably small capital.

21.    The result of the $180,000.00 transfer was that Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

22.    The transfer was to and for the benefit of an insider, and Debtor incurred such obligation to or for the benefit of an insider.

23.    If a debtor is a corporation, the term "insider" includes the "relative of a general partner, director, officer, or person in control of the debtor."   11 U.S.C. §101(31)(B)(vi).

24.    Szalay is the mother of Grant Szalay, the Debtor's co-founder, president, director, and fifty percent (50%) owner of Debtor, and so she is an insider of the Debtor.

25.    Trustee requests avoidance of this fraudulent transfer of $180,000.00 to NFS and recovery of said $180,000.00 from Szalay's NFS and/or Fidelity account pursuant to 11 U.S.C. §543, as NFS is custodian of the $180,000.00.

26.    Pursuant to 11 U.S.C. §550(a):

"Except as otherwise provided in this section, to the extent that a transfer is avoided under section … 548 … of this title, the trustee may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of such property, from – (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made."

27.    If funds are no longer available from the NFS account, the Trustee requests the value of such property from Szalay, the entity for whose benefit such transfer was made.

WHEREFORE, Robert J. Blackwell, Trustee prays this Honorable Court make and enter its Judgment and Order in favor of the Trustee on Count I of Trustee's Complaint and against National Financial Services, LLC, and Jan Szalay; finding Payment Systems Group, Inc. made a fraudulent transfer of $180,000.00 to National Financial Services, LLC, for the benefit of Jan Szalay; entering Judgment in favor of the Trustee and against National Financial Services, LLC and Jan Szalay for recovery of the fraudulent transfer made by Payment Systems Group, Inc. to National Financial Services, LLC for the benefit of Jan Szalay in the amount of $180,000.00, together with costs, interest, attorney's fees; and for such other and further relief as the Court deems just and proper.

### Count II – Preference - $180,000.00

28.    Trustee restates and realleges the allegations contained in paragraphs 1 – 27 above.

29.    Under 11 U.S.C. §547(b):

"[T]he trustee may avoid any transfer of an interest of the debtor in property ---
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such
      transfer was made;
(3) made while the debtor was insolvent;
(4) made –
            (A) on or within 90 days before the filing of the petition; or
            (B) between ninety days and one year before the date of the filing of the
                  petition, if such creditor at the time of such transfer was an insider;
                  and
(5) that enables such creditor to receive more than such creditor would receive
            If --

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title."

30.     The payment of $180,000.00 was made to NFS.

31.     NFS provided clearing and back office services for the joint brokerage account at Fidelity Brokerage Services LLC ("Fidelity").   Upon receipt, Fidelity then transferred the $180,000.00 to a rollover IRA at Fidelity, for the benefit of Szalay.

32.     Szalay is a creditor of Debtor as she is currently owed $339,500.00.  See **Exhibit 2**.

33.     Szalay was repaid $180,000.00 on account of an antecedent debt, a promissory note dated December 26, 2013, owed by the Debtor before the transfer was made on December 27, 2013.

34.     Debtor was insolvent when the transfer was made.  According to the Debtor's 2013 federal tax return, it was operating at a loss.

35.     According to the Debtor's balance sheets, Debtor's liabilities exceeded its assets prior to its bankruptcy filing on February 7, 2014.  See **Exhibit 3**.

    a.     December 31, 2010 Debtor Balance Sheet

        (i)     Total Assets:  $3,076,990.05

        (ii)    Total Liabilities:  $4,264,553.90

    b.     December 31, 2011 Debtor Balance Sheet

        (i)     Total Assets: $4,217,447.60

        (ii)    Total Liabilities:  $5,502,736.96

    c.     December 31, 2012 Debtor Balance Sheet

        (i)     Total Assets: $2,927,923.47

(ii)    Total Liabilities: $4,374,307.75

36.    The transfer of $180,000.00 was made within one year before the filing of the petition, as the transfer was made on December 27, 2013 and the petition was filed on February 7, 2014.

37.    If a debtor is a corporation, the term "insider" includes the "relative of a general partner, director, officer, or person in control of the debtor."   11 U.S.C. §101(31)(B)(vi).

38.    Szalay is the mother of Grant Szalay, the Debtor's co-founder, president, director and 50% owner of Debtor, and so she is an insider of the Debtor.

39.    Szalay received more than what she would have received if the case was a case under chapter 7 of this title as there are currently $1,428,998.37 in claims filed pursuant to the Claims Register, and if said transfer of $180,000.00 had not been made, Szalay would not receive $180,000.00 as a result of the chapter 7 bankruptcy.

40.    Trustee requests recovery of the $180,000.00 preference payment to NFS on behalf of Szalay, from Szalay's NFS and/or Fidelity account.

41.    Pursuant to 11 U.S.C. §550(a):

"Except as otherwise provided in this section, to the extent that a transfer is avoided under section … 547 … of this title, the trustee may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of such property, from – (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made."

42.    If funds are no longer available from the NFS account, the Trustee requests the value of such property from Szalay, the entity for whose benefit such transfer was made.

WHEREFORE, Robert J. Blackwell, Trustee prays this Honorable Court make and enter its Judgment and Order in favor of the Trustee on Count II of Trustee's Complaint and against National Financial Services, LLC, and Jan Szalay; finding Payment Systems Group, Inc. made a preference payment of $180,000.00 to National Financial Services, LLC, for the benefit of Jan Szalay; entering Judgment in favor of the Trustee and against National Financial Services, LLC and Jan Szalay for recovery of the preference payment made by Payment Systems Group, Inc. to National Financial Services, LLC for the benefit of Jan Szalay in the amount of $180,000.00, together with costs, interest, attorney's fees; and for such other and further relief as the Court deems just and proper.

### Count III – Preference Payments - $540,800.00

43.    Trustee restates and realleges the allegations contained in paragraphs 1 – 42 above.

44.    According to Szalay's proof of claim #132, she signed thirteen (13) promissory notes with the Debtor that resulted in loans totaling $880,330.00.  The Debtor repaid Szalay $540,800.00, but Debtor still owed her $339,500.00.  See **Exhibit 2**.

45.    As Szalay filed proof of claim #132 stating she is owed $339,500.00 from the Debtor, she is a creditor of the Debtor.

46.    Szalay attached thirteen (13) promissory notes to her proof of claim, the first dated March 14, 2013, and the last dated December 26, 2013.

47.     Szalay admits in her proof of claim that she has been repaid $540,800.00, on said thirteen (13) promissory notes, that were incurred within the one year prior to the filing of the bankruptcy on February 7, 2014.

48.     Debtor was insolvent when the transfers were made.  According to the Debtor's 2013 federal tax return, it was operating at a loss.

49.     According to the Debtor's balance sheets, Debtor's liabilities exceeded its assets prior to its bankruptcy filing on February 7, 2014.  See **Exhibit 3**.

    a.      December 31, 2010 Debtor Balance Sheet

        (i)      Total Assets:  $3,076,990.05

        (ii)     Total Liabilities:  $4,264,553.90

    b.      December 31, 2011 Debtor Balance Sheet

        (i)      Total Assets: $4,217,447.60

        (ii)     Total Liabilities:  $5,502,736.96

    c.      December 31, 2012 Debtor Balance Sheet

        (i)      Total Assets: $2,927,923.47

        (ii)     Total Liabilities:  $4,374,307.75

50.     If a debtor is a corporation, the term "insider" includes the "relative of a general partner, director, officer, or person in control of the debtor."   11 U.S.C. §101(31)(B)(vi).

51.     Szalay is the mother of Grant Szalay, the Debtor's co-founder, president, director, and 50% owner of Debtor, and so she is an insider of the Debtor.

52.     Szalay received more than what she would have received if the case was a case under chapter 7 of this title as there are currently $1,428,998.37 in claims filed

pursuant to the Claims Register, and if said transfers totaling $540,800.00 had not been made, Szalay would not receive $540,800.00 as a result of the chapter 7 bankruptcy.

53.    Trustee requests recovery of $540,800.00 in preference payments from Szalay.

54.    Pursuant to 11 U.S.C. §550(a):

"Except as otherwise provided in this section, to the extent that a transfer is avoided under section … 547 … of this title, the trustee may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of such property, from – (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made."

55.    If funds are no longer available from her account, the Trustee requests the value of such property from Szalay, the entity for whose benefit such transfer was made.

WHEREFORE, Robert J. Blackwell, Trustee prays this Honorable Court make and enter its Judgment and Order in favor of the Trustee on Count III of Trustee's Complaint and against Jan Szalay; finding Payment Systems Group, Inc. made preference payments totaling $540,800.00 to Jan Szalay; entering Judgment in favor of the Trustee and against Jan Szalay for recovery of the preference payments made by Payment Systems Group, Inc. to Jan Szalay totaling $540,800.00, together with costs, interest, attorney's fees; and for such other and further relief as the Court deems just and proper.

## Count IV – Uniform Fruadulent Transfer Act

56.    Trustee restates and realleges the allegations contained in paragraphs 1 – 55 above.

57.    Pursuant to RSMo. §428.024.1:

"A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligations was incurred, if the debtor made the transfer or incurred the obligation:  (1) With actual intent to hinder, delay, or defraud any creditor of the debtor; or (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:  (a) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (b) Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due."

58.     According to Szalay's proof of claim #132, she signed thirteen (13) promissory notes with the Debtor that resulted in loans totaling $880,330.00.  The Debtor repaid Szalay $540,800.00, but Debtor still owed her $339,500.00.  See **Exhibit 2**.

59.     The Debtor's payment of $540,800.00 to Szalay meets Missouri's definition of a transfer "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance" pursuant to RSMo. §428.009(12).

60.     This cause of action has been brought within four (4) years of the Transfers being made pursuant to RSMo. §428.049.

61.     RSMo. §428.024.2 states factors for consideration as to whether the Debtor acted with actual intent.

62.     One factor Missouri considers whether the transfer or obligation was to an insider.  RSMo. §428.024.2(1).

63.     Szalay is the mother of Grant Szalay, the Debtor's co-founder, president, director, and 50% owner of Debtor, and so meets Missouri's definition of an insider of a

corporation "a relative of a general partner, director, officer, or person in control of the debtor" pursuant to RSMo. §428.009(7)(b)f.

64.    Another factor Missouri considers is whether before the transfer was made or obligation incurred, the debtor has been sued or threatened with suit.    RSMo. §428.024.2(4).

65.    On November 26, 2013, EverBank notified Debtor that it was terminating its banking relationship effective February 28, 2014, and requiring Debtor to place $150,000.00 on deposit.

66.    Despite EverBank's actions, Debtor transferred $180,000.00 to Szalay on December 27, 2013.

67.    Another factor Missouri considers is whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred. RSMo. §428.024.2(9).

68.    Pursuant to RSMo. §428.014.1:  "A debtor is insolvent if the sum of the debtor's debts is greater than all of the debtor's assets at a fair valuation."

69.    According to the Debtor's balance sheets, Debtor's liabilities exceeded its assets prior to its bankruptcy filing on February 7, 2014.  See **Exhibit 3**.

  a. December 31, 2010 Debtor Balance Sheet

   (i) Total Assets:  $3,076,990.05

   (ii) Total Liabilities:  $4,264,553.90

  b. December 31, 2011 Debtor Balance Sheet

   (i) Total Assets: $4,217,447.60

   (ii) Total Liabilities:  $5,502,736.96

c.    December 31, 2012 Debtor Balance Sheet

    (i)    Total Assets: $2,927,923.47

    (ii)    Total Liabilities:  $4,374,307.75

70.    Pursuant to RSMo. §428.014.2:  "A debtor who is generally not paying his debts as they become due is presumed to be insolvent."

71.    In February 2013, the Debtor ran over three hundred (300) overdrafts in its EverBank accounts totaling over $111,000.00.  Overdrafts continued in April and again in May 2013 (over $17,000 and over $175,000 in overdrafts, respectly).   By September 2013 there were over $30,000.00 in overdrafts and in October 2013, there were over $19,000 in overdrafts.  The total amount of overdrafts, where the Debtor was not paying its debts as they became due, totaled $352,000.00.

72.    Debtor received less than reasonably equivalent value in exchange for such transfer as the $180,000.00 payment was to Szalay's IRA, and as value is defined in RSMO. §428.019.

73.    The Debtor's transfer of $180,000.00 on December 27, 2013 left an unreasonably small capital of $17,514.51 in the business account to repay the eventual overdrafts of $352,000.00.  RSMo. §428.024.1(2)(a).

74.    Debtor knew it was having difficulties paying its financial obligations and that the payment of $180,000.00 would result in debts beyond its ability to pay as they came due.

75.    The transfers by the Debtor to Szalay of $540,800.00 were to an insider for an antecedent debt, when the Debtor was insolvent, and the insider had reasonable

cause to believe that the Debtor was insolvent, as the Debtor requested thirteen (13) promissory notes totaling $880,330.00.

76.    Trustee requests avoidance of the transfer of $180,000.00 to Szalay as it is fraudulent pursuant to RSMo. §428.039, and its recovery to the Trustee.

77.    Trustee requests avoidance of the transfers totaling $540,800.00 to Szalay as they are fraudulent pursuant to RSMo. §428.039, and its recovery to the Trustee.

WHEREFORE, Robert J. Blackwell, Trustee prays this Honorable Court make and enter its Judgment and Order in favor of the Trustee on Count IV of Trustee's Complaint against Jan Szalay; finding Payment Systems Group, Inc. made a fraudulent transfer of $180,000.00 to Jan Szalay; entering Judgment in favor of the Trustee and against Jan Szalay for recovery of the fraudulent transfer made by Payment Systems Group, Inc. to Jan Szalay in the amount of $180,000.00 pursuant to RSMo. §428.024 and/or RSMo. §428.029, together with costs, interest, attorney's fees; entering Judgment in favor of the Trustee and against Jan Szalay for recovery of transfers fraudulent of $540,800.00 to Jan Szalay from Payment Systems Group, Inc. pursuant to RSMo. §428.024 or RSMo. §428.029, together with costs, interest, attorney's fees; and for such other and further relief as the Court deems just and proper.

Respectfully submitted,
**BLACKWELL & ASSOCIATES, P.C.**


/s/   Bryan T. Voss

Bryan T. Voss / 48029MO
Attorney for Trustee, Robert J. Blackwell
P.O. Box 310, O'Fallon, MO  63366-0310
(636) 240-3632 / Fax (636)240-6803
bvoss@blackwell-lawfirm.com

EXHIBIT "1"

**EverBank**

**Statement of Accounts**

0760004137

Payment Systems Group Inc

Page 93 of 94

| Date | Description | Additions | Subtractions | Balance |
|------|-------------|-----------|--------------|---------|
| 12-20 | #Electronic Bill Pay | | -1,630.00 | 39,920.81 |
| | SWP SYSTEMS | | | |
| 12-20 | #Tele/Web Transfer Db | | -15,000.00 | 24,920.81 |
| 12-23 | #Preauthorized Wd | | -5,227.31 | 19,693.50 |
| 12-23 | #Preauthorized Wd | | -1,632.51 | 18,060.99 |
| 12-23 | #Preauthorized Wd | | -546.48 | 17,514.51 |
| | CS LLC Invoices | | | |
| | CI invoice | | | |
| 12-26 | #Wire Transfer-IN | 180,000.00 | | 197,514.51 |
| | FBO JANICE T SZALAFBO JANICE T SZALA | | | |
| | Y | | | |
| 12-27 | #Wire Out No Fee | | -180,000.00 | 17,514.51 |
| | NATIONAL FINANCIALNATIONAL FINANCIAL | | | |
| | SERVICES LLC | | | |
| 12-31 | #Debit Memo | | -5,000.00 | 12,514.51 |
| | EOM FEES DECEMBER 2013 | | | |
| **12-31** | **Ending totals** | **256,103.72** | **-257,370.93** | **$12,514.51** |

| | Total for this period | Total year-to-date |
|------|-----------------------|--------------------|
| Total Overdraft Fees | $0.00 | $0.00 |
| Total Returned Item Fees | $0.00 | $0.00 |

**Business Checking**                     0760006172

| Date | Description | Additions | Subtractions | Balance |
|------|-------------|-----------|--------------|---------|
| 11-29 | Beginning balance | | | $25.00 |
| **12-31** | **Ending totals** | **.00** | **.00** | **$25.00** |

| | Total for this period | Total year-to-date |
|------|-----------------------|--------------------|
| Total Overdraft Fees | $0.00 | $0.00 |
| Total Returned Item Fees | $0.00 | $0.00 |



EXHIBIT "2"

B10 (Official Form 10) (04/13)

## UNITED STATES BANKRUPTCY COURT

| | | PROOF OF CLAIM |
|---|---|---|

RECEIVED + FILED

2015 FEB -9 PM 1: 13

CLERK, US BANKRUPTCY COURT
EASTERN DISTRICT
ST. LOUIS. MISSOURI - MB

| Name of Debtor:<br>Payment Systems Group, Inc.<br>PO Box 774000 PMB 337<br>Steamboat Springs, CO 80477 | Case Number:<br>14-40776 |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Jan Szalay | **COURT USE ONLY** |
|---|---|

| Name and address where notices should be sent:<br><br>Jan Szalay<br>1207 Trestle Glen Rd<br>Oakland, CA 94610<br>Telephone number: (510) 435-8168     email: janonbay@gmail.com | ❏ Check this box if this claim amends a previously filed claim.<br><br>Court Claim Number:_____<br>(*If known*)<br><br>Filed on:_____ |
|---|---|

| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number:          email: | ❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |
|---|---|

**1. Amount of Claim as of Date Case Filed:**     $_____ 339,500.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❏ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Money loaned _____
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** | **3a. Debtor may have scheduled account as:**<br>_____<br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br>_____<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**

$_____

**Nature of property or right of setoff:** ❏ Real Estate  ❏ Motor Vehicle  ❏ Other
Describe:

**Basis for perfection:** _____

**Value of Property:** $_____

**Amount of Secured Claim:** $_____

**Annual Interest Rate_____% ❏ Fixed  or  ❏ Variable**
(when case was filed)

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❏ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13)                                                                                                                                        2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.      ☐ I am the creditor's authorized agent.      ☐ I am the trustee, or the debtor,      ☐ I am a guarantor, surety, indorser, or other codebtor.
                                                                                                     or their authorized agent.              (See Bankruptcy Rule 3005.)
                                                                                                     (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Jan Szalay
Title:
Company:                                                                            *Jan Szalay*                                    01/29/2015
Address and telephone number (if different from notice address above):        (Signature)                                          (Date)



Telephone number:                          email:

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law.  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured.  (See Definitions.)  If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5.  Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6.  Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7.  Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8.  Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

# PROMISSORY NOTE

**Borrower:**   Payment Systems Group, Inc. of 22525 SE 64th Pl, Issaquah, WA 98027 (the "Borrower")
**Lender:**      Jan Szalay of 1207 Trestle Glen Rd, Oakland, CA 94610 (the "Lender")

**Principal Amount:**    $35,000.00

1. FOR VALUE RECEIVED, The Borrower promises to pay to the Lender at such an address as may be provided in writing to the Borrower, the principal sum of $35,000.00 USD, without interest on the unpaid principal.

2. This Note is repayable within 30 days of the Lender providing the Borrower with written notice of demand.

3. At any time while not in default under this Note, the Borrower may pay the outstanding balance then owing under this Note to the Lender without further bonus or penalty.

4. All costs, expenses and expenditures including, and without limitation, the complete legal costs incurred by the Lender in enforcing this Note as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower. In the case of the Borrower's default and the acceleration of the amount due by the Lender all amounts outstanding under this Note will bear interest at the rate of 3.00 percent per annum from the date of demand until paid.

5. If any item, covenant, condition or provision of this Note is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary by that court to render the provision reasonable and enforceable and the remainder of the provisions of this Note will in no way be affected, impaired or invalidated as a result.

6. This Note will be construed in accordance with the laws of the State of Washington.

7. This Note will enure to the benefit of and be binding upon the respective heirs, executors, administrators, successors and assigns of the Borrower and the Lender. The Borrower waives presentment for payment, notice of non-payment, protest and notice of protest.

IN WITNESS WHEREOF the parties have duly affixed their signatures under seal on this 14th day of March, 2013.

|  |  |  |
|---|---|---|
| **SIGNED, SEALED, AND DELIVERED** | ) ) ) ) ) | Payment Systems Group, Inc.<br>Per: _____<br>James E McKee III, CFO |
| **SIGNED, SEALED, AND DELIVERED** | ) ) ) ) ) | Per: _____<br>Jan Szalay |

# PROMISSORY NOTE

**Borrower:**    Payment Systems Group, Inc. of 22525 SE 64th Pl, Issaquah, WA 98027 (the "Borrower")
**Lender:**    Jan Szalay of 1207 Trestle Glen Rd, Oakland, CA 94610 (the "Lender")

**Principal Amount:**    $50,000.00

1. FOR VALUE RECEIVED, The Borrower promises to pay to the Lender at such an address as may be provided in writing to the Borrower, the principal sum of $50,000.00 USD, without interest on the unpaid principal.

2. This Note is repayable within 30 days of the Lender providing the Borrower with written notice of demand.

3. At any time while not in default under this Note, the Borrower may pay the outstanding balance then owing under this Note to the Lender without further bonus or penalty.

4. All costs, expenses and expenditures including, and without limitation, the complete legal costs incurred by the Lender in enforcing this Note as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower. In the case of the Borrower's default and the acceleration of the amount due by the Lender all amounts outstanding under this Note will bear interest at the rate of 3.00 percent per annum from the date of demand until paid.

5. If any item, covenant, condition or provision of this Note is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary by that court to render the provision reasonable and enforceable and the remainder of the provisions of this Note will in no way be affected, impaired or invalidated as a result.

6. This Note will be construed in accordance with the laws of the State of Washington.

7. This Note will enure to the benefit of and be binding upon the respective heirs, executors, administrators, successors and assigns of the Borrower and the Lender. The Borrower waives presentment for payment, notice of non-payment, protest and notice of protest.

IN WITNESS WHEREOF the parties have duly affixed their signatures under seal on this 18th day of April, 2013.

SIGNED, SEALED, AND DELIVERED    )
)    Payment Systems Group, Inc.
)
)    Per: _____
)    James E McKee III, CFO

SIGNED, SEALED, AND DELIVERED    )
)
)    Per: _____
)    Jan Szalay

# PROMISSORY NOTE

**Borrower:**     Payment Systems Group, Inc. of 22525 SE 64th Pl, Issaquah, WA 98027 (the "Borrower")
**Lender:**      Jan Szalay of 1207 Trestle Glen Rd, Oakland, CA 94610 (the "Lender")

**Principal Amount:**     $12,000.00

1. FOR VALUE RECEIVED, The Borrower promises to pay to the Lender at such an address as may be provided in writing to the Borrower, the principal sum of $12,000.00 USD, without interest on the unpaid principal.

2. This Note is repayable within 30 days of the Lender providing the Borrower with written notice of demand.

3. At any time while not in default under this Note, the Borrower may pay the outstanding balance then owing under this Note to the Lender without further bonus or penalty.

4. All costs, expenses and expenditures including, and without limitation, the complete legal costs incurred by the Lender in enforcing this Note as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower. In the case of the Borrower's default and the acceleration of the amount due by the Lender all amounts outstanding under this Note will bear interest at the rate of 3.00 percent per annum from the date of demand until paid.

5. If any item, covenant, condition or provision of this Note is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary by that court to render the provision reasonable and enforceable and the remainder of the provisions of this Note will in no way be affected, impaired or invalidated as a result.

6. This Note will be construed in accordance with the laws of the State of Washington.

7. This Note will enure to the benefit of and be binding upon the respective heirs, executors, administrators, successors and assigns of the Borrower and the Lender. The Borrower waives presentment for payment, notice of non-payment, protest and notice of protest.

IN WITNESS WHEREOF the parties have duly affixed their signatures under seal on this 8th day of May, 2013.

|  |  |  |
|---|---|---|
| **SIGNED, SEALED, AND DELIVERED** | ) ) ) ) ) | Payment Systems Group, Inc. <br><br> Per: _____ <br> James E McKee III, CFO |
| **SIGNED, SEALED, AND DELIVERED** | ) ) ) ) ) | <br><br> Per: _____ <br> Jan Szalay |

# PROMISSORY NOTE

**Borrower:**    Payment Systems Group, Inc. of 22525 SE 64th Pl, Issaquah, WA 98027 (the "Borrower")
**Lender:**    Jan Szalay of 1207 Trestle Glen Rd, Oakland, CA 94610 (the "Lender")

**Principal Amount:**    $13,500.00

1.  FOR VALUE RECEIVED, The Borrower promises to pay to the Lender at such an address as may be provided in writing to the Borrower, the principal sum of $13,500.00 USD, without interest on the unpaid principal.

2.  This Note is repayable within 30 days of the Lender providing the Borrower with written notice of demand.

3.  At any time while not in default under this Note, the Borrower may pay the outstanding balance then owing under this Note to the Lender without further bonus or penalty.

4.  All costs, expenses and expenditures including, and without limitation, the complete legal costs incurred by the Lender in enforcing this Note as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower. In the case of the Borrower's default and the acceleration of the amount due by the Lender all amounts outstanding under this Note will bear interest at the rate of 3.00 percent per annum from the date of demand until paid.

5.  If any item, covenant, condition or provision of this Note is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary by that court to render the provision reasonable and enforceable and the remainder of the provisions of this Note will in no way be affected, impaired or invalidated as a result.

6.  This Note will be construed in accordance with the laws of the State of Washington.

7.  This Note will enure to the benefit of and be binding upon the respective heirs, executors, administrators, successors and assigns of the Borrower and the Lender. The Borrower waives presentment for payment, notice of non-payment, protest and notice of protest.

IN WITNESS WHEREOF the parties have duly affixed their signatures under seal on this 13th day of June, 2013.

|  |  |  |
|---|---|---|
| **SIGNED, SEALED, AND DELIVERED** | ) ) ) ) | Payment Systems Group, Inc. Per: _____ James E McKee III, CFO |
| **SIGNED, SEALED, AND DELIVERED** | ) ) ) ) | Per: _____ Jan Szalay |

# PROMISSORY NOTE

**Borrower:**   Payment Systems Group, Inc. of 22525 SE 64th Pl, Issaquah, WA 98027 (the "Borrower")
**Lender:**   Jan Szalay of 1207 Trestle Glen Rd, Oakland, CA 94610 (the "Lender")

**Principal Amount:**   $8,000.00

1. FOR VALUE RECEIVED, The Borrower promises to pay to the Lender at such an address as may be provided in writing to the Borrower, the principal sum of $8,000.00 USD, without interest on the unpaid principal.

2. This Note is repayable within 30 days of the Lender providing the Borrower with written notice of demand.

3. At any time while not in default under this Note, the Borrower may pay the outstanding balance then owing under this Note to the Lender without further bonus or penalty.

4. All costs, expenses and expenditures including, and without limitation, the complete legal costs incurred by the Lender in enforcing this Note as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower. In the case of the Borrower's default and the acceleration of the amount due by the Lender all amounts outstanding under this Note will bear interest at the rate of 3.00 percent per annum from the date of demand until paid.

5. If any item, covenant, condition or provision of this Note is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary by that court to render the provision reasonable and enforceable and the remainder of the provisions of this Note will in no way be affected, impaired or invalidated as a result.

6. This Note will be construed in accordance with the laws of the State of Washington.

7. This Note will enure to the benefit of and be binding upon the respective heirs, executors, administrators, successors and assigns of the Borrower and the Lender. The Borrower waives presentment for payment, notice of non-payment, protest and notice of protest.

IN WITNESS WHEREOF the parties have duly affixed their signatures under seal on this 9th day of August, 2013.

**SIGNED, SEALED, AND DELIVERED** )
)
)
)
)

Payment Systems Group, Inc.

Per: _____
James E McKee III, CFO

**SIGNED, SEALED, AND DELIVERED** )
)
)
)
)

Per: _____
Jan Szalay

# PROMISSORY NOTE

**Borrower:**    Payment Systems Group, Inc. of 22525 SE 64ᵗʰ Pl, Issaquah, WA 98027 (the "Borrower")
**Lender:**    Jan Szalay of 1207 Trestle Glen Rd, Oakland, CA 94610 (the "Lender")

**Principal Amount:**    $80,000.00

1. FOR VALUE RECEIVED, The Borrower promises to pay to the Lender at such an address as may be provided in writing to the Borrower, the principal sum of $80,000.00 USD, without interest on the unpaid principal.

2. This Note is repayable within 30 days of the Lender providing the Borrower with written notice of demand.

3. At any time while not in default under this Note, the Borrower may pay the outstanding balance then owing under this Note to the Lender without further bonus or penalty.

4. All costs, expenses and expenditures including, and without limitation, the complete legal costs incurred by the Lender in enforcing this Note as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower. In the case of the Borrower's default and the acceleration of the amount due by the Lender all amounts outstanding under this Note will bear interest at the rate of 3.00 percent per annum from the date of demand until paid.

5. If any item, covenant, condition or provision of this Note is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary by that court to render the provision reasonable and enforceable and the remainder of the provisions of this Note will in no way be affected, impaired or invalidated as a result.

6. This Note will be construed in accordance with the laws of the State of Washington.

7. This Note will enure to the benefit of and be binding upon the respective heirs, executors, administrators, successors and assigns of the Borrower and the Lender. The Borrower waives presentment for payment, notice of non-payment, protest and notice of protest.

IN WITNESS WHEREOF the parties have duly affixed their signatures under seal on this 14ᵗʰ day of August, 2013.

|  |  |
|---|---|
| **SIGNED, SEALED, AND DELIVERED** ) ) ) ) | Payment Systems Group, Inc. <br><br> Per: _____ <br> James E McKee III, CFO |
| **SIGNED, SEALED, AND DELIVERED** ) ) ) ) | <br> Per: _____ <br> Jan Szalay |

# PROMISSORY NOTE

**Borrower:** Payment Systems Group, Inc. of 22525 SE 64th Pl, Issaquah, WA 98027 (the "Borrower")
**Lender:** Jan Szalay of 1207 Trestle Glen Rd, Oakland, CA 94610 (the "Lender")

**Principal Amount:** $60,000.00

1. FOR VALUE RECEIVED, The Borrower promises to pay to the Lender at such an address as may be provided in writing to the Borrower, the principal sum of $60,000.00 USD, without interest on the unpaid principal.

2. This Note is repayable within 30 days of the Lender providing the Borrower with written notice of demand.

3. At any time while not in default under this Note, the Borrower may pay the outstanding balance then owing under this Note to the Lender without further bonus or penalty.

4. All costs, expenses and expenditures including, and without limitation, the complete legal costs incurred by the Lender in enforcing this Note as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower. In the case of the Borrower's default and the acceleration of the amount due by the Lender all amounts outstanding under this Note will bear interest at the rate of 3.00 percent per annum from the date of demand until paid.

5. If any item, covenant, condition or provision of this Note is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary by that court to render the provision reasonable and enforceable and the remainder of the provisions of this Note will in no way be affected, impaired or invalidated as a result.

6. This Note will be construed in accordance with the laws of the State of Washington.

7. This Note will enure to the benefit of and be binding upon the respective heirs, executors, administrators, successors and assigns of the Borrower and the Lender. The Borrower waives presentment for payment, notice of non-payment, protest and notice of protest.

IN WITNESS WHEREOF the parties have duly affixed their signatures under seal on this 21st day of August, 2013.

| | | |
|---|---|---|
| **SIGNED, SEALED, AND DELIVERED** | ) ) ) ) ) | Payment Systems Group, Inc. Per: _____ James E McKee III, CFO |
| **SIGNED, SEALED, AND DELIVERED** | ) ) ) ) ) | Per: _____ Jan Szalay |

# PROMISSORY NOTE

**Borrower:**    Payment Systems Group, Inc. of 22525 SE 64th Pl, Issaquah, WA 98027 (the "Borrower")
**Lender:**     Jan Szalay of 1207 Trestle Glen Rd, Oakland, CA 94610 (the "Lender")

**Principal Amount:**    $21,000.00

1.  FOR VALUE RECEIVED, The Borrower promises to pay to the Lender at such an address as may be provided in writing to the Borrower, the principal sum of $21,000.00 USD, without interest on the unpaid principal.

2.  This Note is repayable within 30 days of the Lender providing the Borrower with written notice of demand.

3.  At any time while not in default under this Note, the Borrower may pay the outstanding balance then owing under this Note to the Lender without further bonus or penalty.

4.  All costs, expenses and expenditures including, and without limitation, the complete legal costs incurred by the Lender in enforcing this Note as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower. In the case of the Borrower's default and the acceleration of the amount due by the Lender all amounts outstanding under this Note will bear interest at the rate of 3.00 percent per annum from the date of demand until paid.

5.  If any item, covenant, condition or provision of this Note is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary by that court to render the provision reasonable and enforceable and the remainder of the provisions of this Note will in no way be affected, impaired or invalidated as a result.

6.  This Note will be construed in accordance with the laws of the State of Washington.

7.  This Note will enure to the benefit of and be binding upon the respective heirs, executors, administrators, successors and assigns of the Borrower and the Lender. The Borrower waives presentment for payment, notice of non-payment, protest and notice of protest.

IN WITNESS WHEREOF the parties have duly affixed their signatures under seal on this 6th day of September, 2013.

| | | |
|---|---|---|
| **SIGNED, SEALED, AND DELIVERED** | ) ) ) ) | Payment Systems Group, Inc.<br><br>Per: _____<br>James E McKee III, CFO |
| **SIGNED, SEALED, AND DELIVERED** | ) ) ) ) ) | <br>Per: _____<br>Jan Szalay |

# PROMISSORY NOTE

**Borrower:**    Payment Systems Group, Inc. of 22525 SE 64th Pl, Issaquah, WA 98027 (the "Borrower")
**Lender:**      Jan Szalay of 1207 Trestle Glen Rd, Oakland, CA 94610 (the "Lender")

**Principal Amount:**    $130,000.00

1. FOR VALUE RECEIVED, The Borrower promises to pay to the Lender at such an address as may be provided in writing to the Borrower, the principal sum of $130,000.00 USD, without interest on the unpaid principal.

2. This Note is repayable within 30 days of the Lender providing the Borrower with written notice of demand.

3. At any time while not in default under this Note, the Borrower may pay the outstanding balance then owing under this Note to the Lender without further bonus or penalty.

4. All costs, expenses and expenditures including, and without limitation, the complete legal costs incurred by the Lender in enforcing this Note as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower. In the case of the Borrower's default and the acceleration of the amount due by the Lender all amounts outstanding under this Note will bear interest at the rate of 3.00 percent per annum from the date of demand until paid.

5. If any item, covenant, condition or provision of this Note is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary by that court to render the provision reasonable and enforceable and the remainder of the provisions of this Note will in no way be affected, impaired or invalidated as a result.

6. This Note will be construed in accordance with the laws of the State of Washington.

7. This Note will enure to the benefit of and be binding upon the respective heirs, executors, administrators, successors and assigns of the Borrower and the Lender. The Borrower waives presentment for payment, notice of non-payment, protest and notice of protest.

IN WITNESS WHEREOF the parties have duly affixed their signatures under seal on this 11th day of September, 2013.

SIGNED, SEALED, AND DELIVERED   )
   )
   )
   )

Payment Systems Group, Inc.

Per: _____
James E McKee III, CFO

SIGNED, SEALED, AND DELIVERED   )
   )
   )
   )

Per: _____
Jan Szalay

# PROMISSORY NOTE

**Borrower:**  Payment Systems Group, Inc. of 22525 SE 64th Pl, Issaquah, WA 98027 (the "Borrower")
**Lender:**  Jan Szalay of 1207 Trestle Glen Rd, Oakland, CA 94610 (the "Lender")

**Principal Amount:**  $100,000.00

1. FOR VALUE RECEIVED, The Borrower promises to pay to the Lender at such an address as may be provided in writing to the Borrower, the principal sum of $100,000.00 USD, without interest on the unpaid principal.

2. This Note is repayable within 30 days of the Lender providing the Borrower with written notice of demand.

3. At any time while not in default under this Note, the Borrower may pay the outstanding balance then owing under this Note to the Lender without further bonus or penalty.

4. All costs, expenses and expenditures including, and without limitation, the complete legal costs incurred by the Lender in enforcing this Note as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower. In the case of the Borrower's default and the acceleration of the amount due by the Lender all amounts outstanding under this Note will bear interest at the rate of 3.00 percent per annum from the date of demand until paid.

5. If any item, covenant, condition or provision of this Note is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary by that court to render the provision reasonable and enforceable and the remainder of the provisions of this Note will in no way be affected, impaired or invalidated as a result.

6. This Note will be construed in accordance with the laws of the State of Washington.

7. This Note will enure to the benefit of and be binding upon the respective heirs, executors, administrators, successors and assigns of the Borrower and the Lender. The Borrower waives presentment for payment, notice of non-payment, protest and notice of protest.

IN WITNESS WHEREOF the parties have duly affixed their signatures under seal on this 9th day of October, 2013.

|  |  |
|---|---|
| **SIGNED, SEALED, AND DELIVERED** ) ) ) ) ) | Payment Systems Group, Inc. Per: _____ James E McKee III, CFO |
| **SIGNED, SEALED, AND DELIVERED** ) ) ) ) ) | Per: _____ Jan Szalay |

# PROMISSORY NOTE

**Borrower:**    Payment Systems Group, Inc. of 22525 SE 64th Pl, Issaquah, WA 98027 (the "Borrower")
**Lender:**      Jan Szalay of 1207 Trestle Glen Rd, Oakland, CA 94610 (the "Lender")

**Principal Amount:**    $10,800.00

1. FOR VALUE RECEIVED, The Borrower promises to pay to the Lender at such an address as may be provided in writing to the Borrower, the principal sum of $10,800.00 USD, without interest on the unpaid principal.

2. This Note is repayable within 30 days of the Lender providing the Borrower with written notice of demand.

3. At any time while not in default under this Note, the Borrower may pay the outstanding balance then owing under this Note to the Lender without further bonus or penalty.

4. All costs, expenses and expenditures including, and without limitation, the complete legal costs incurred by the Lender in enforcing this Note as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower. In the case of the Borrower's default and the acceleration of the amount due by the Lender all amounts outstanding under this Note will bear interest at the rate of 3.00 percent per annum from the date of demand until paid.

5. If any item, covenant, condition or provision of this Note is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary by that court to render the provision reasonable and enforceable and the remainder of the provisions of this Note will in no way be affected, impaired or invalidated as a result.

6. This Note will be construed in accordance with the laws of the State of Washington.

7. This Note will enure to the benefit of and be binding upon the respective heirs, executors, administrators, successors and assigns of the Borrower and the Lender. The Borrower waives presentment for payment, notice of non-payment, protest and notice of protest.

IN WITNESS WHEREOF the parties have duly affixed their signatures under seal on this 18th day of October, 2013.

|   |   |
|---|---|
| **SIGNED, SEALED, AND DELIVERED** ) ) ) ) | Payment Systems Group, Inc. <br> Per: _____ <br> James E McKee III, CFO |
| **SIGNED, SEALED, AND DELIVERED** ) ) ) ) | Per: _____ <br> Jan Szalay |

# PROMISSORY NOTE

**Borrower:**    Payment Systems Group, Inc. of 22525 SE 64th Pl, Issaquah, WA 98027 (the "Borrower")
**Lender:**    Jan Szalay of 1207 Trestle Glen Rd, Oakland, CA 94610 (the "Lender")

**Principal Amount:**    $180,000.00

1. FOR VALUE RECEIVED, The Borrower promises to pay to the Lender at such an address as may be provided in writing to the Borrower, the principal sum of $180,000.00 USD, without interest on the unpaid principal.

2. This Note is repayable within 30 days of the Lender providing the Borrower with written notice of demand.

3. At any time while not in default under this Note, the Borrower may pay the outstanding balance then owing under this Note to the Lender without further bonus or penalty.

4. All costs, expenses and expenditures including, and without limitation, the complete legal costs incurred by the Lender in enforcing this Note as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower. In the case of the Borrower's default and the acceleration of the amount due by the Lender all amounts outstanding under this Note will bear interest at the rate of 3.00 percent per annum from the date of demand until paid.

5. If any item, covenant, condition or provision of this Note is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary by that court to render the provision reasonable and enforceable and the remainder of the provisions of this Note will in no way be affected, impaired or invalidated as a result.

6. This Note will be construed in accordance with the laws of the State of Washington.

7. This Note will enure to the benefit of and be binding upon the respective heirs, executors, administrators, successors and assigns of the Borrower and the Lender. The Borrower waives presentment for payment, notice of non-payment, protest and notice of protest.

IN WITNESS WHEREOF the parties have duly affixed their signatures under seal on this 12th day of November, 2013.

|  |  |
|---|---|
| **SIGNED, SEALED, AND DELIVERED** | Payment Systems Group, Inc.<br>Per: _____<br>James E McKee III, CFO |
| **SIGNED, SEALED, AND DELIVERED** | Per: _____<br>Jan Szalay |

# PROMISSORY NOTE

**Borrower:**  Payment Systems Group, Inc. of 22525 SE 64th Pl, Issaquah, WA 98027 (the "Borrower")
**Lender:**  Jan Szalay of 1207 Trestle Glen Rd, Oakland, CA 94610 (the "Lender")

**Principal Amount:**  $180,000.00

1. FOR VALUE RECEIVED, The Borrower promises to pay to the Lender at such an address as may be provided in writing to the Borrower, the principal sum of $180,000.00 USD, without interest on the unpaid principal.

2. This Note is repayable within 30 days of the Lender providing the Borrower with written notice of demand.

3. At any time while not in default under this Note, the Borrower may pay the outstanding balance then owing under this Note to the Lender without further bonus or penalty.

4. All costs, expenses and expenditures including, and without limitation, the complete legal costs incurred by the Lender in enforcing this Note as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower. In the case of the Borrower's default and the acceleration of the amount due by the Lender all amounts outstanding under this Note will bear interest at the rate of 3.00 percent per annum from the date of demand until paid.

5. If any item, covenant, condition or provision of this Note is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary by that court to render the provision reasonable and enforceable and the remainder of the provisions of this Note will in no way be affected, impaired or invalidated as a result.

6. This Note will be construed in accordance with the laws of the State of Washington.

7. This Note will enure to the benefit of and be binding upon the respective heirs, executors, administrators, successors and assigns of the Borrower and the Lender. The Borrower waives presentment for payment, notice of non-payment, protest and notice of protest.

IN WITNESS WHEREOF the parties have duly affixed their signatures under seal on this 26th day of December, 2013.

|  |  |  |
|---|---|---|
| **SIGNED, SEALED, AND DELIVERED** | ) ) ) ) ) | Payment Systems Group, Inc.<br><br>Per: _____<br>James E McKee III, CFO |
| **SIGNED, SEALED, AND DELIVERED** | ) ) ) ) ) | <br>Per: _____<br>Jan Szalay |

Jan Szalay
1207 Trestle Glen Rd
Oakland, CA 94610
January 20, 2014


Grant Szalay & Jim McKee
Payment Systems Group, Inc.
22525 SE 64th Pl
Issaquah, WA 98027


Dear Grant Szalay & Jim McKee:

This letter serves as written notice of demand that all amounts loaned to Payment Systems Group, Inc. PSG be returned to me.

In accordance with the 13 promissory notes signed by Payment Systems Group, Inc. (PSG) and myself, these amounts must be repaid within 30 days of this request.

PSG has received $880,300.00 from me and has returned $540,800.00 as of January 20, 2014. The amount to be returned to me at this time is $339,500.00.

Sincerely,

Jan Szalay

Jan Szalay

EXHIBIT "3"

Payment Systems Group, Inc.
Balance Sheet
December 31, 2010

ASSETS

| | | |
|---|---|---|
| **Current Assets** | | |
| Regular Checking Account | $ <206,169.39> | |
| Accrual Client Funds | 715,316.89 | |
| Money Market Savings | 2,000,000.00 | |
| Client Fees Receivable | 203.00 | |
| Total Current Assets | | 2,509,350.50 |
| **Property and Equipment** | | |
| Equipment | 41,000.00 | |
| Leasehold Improvements | 526,639.55 | |
| Total Property and Equipment | | 567,639.55 |
| **Other Assets** | | |
| Total Other Assets | | 0.00 |
| Total Assets | | $ 3,076,990.05 — TOTAL ASSET |

LIABILITIES AND CAPITAL

| | | |
|---|---|---|
| **Current Liabilities** | | |
| Client Escrow Funds | $ 2,722,377.03 | |
| Short Term Loan | 1,542,176.87 | |
| Total Current Liabilities | | 4,264,553.90 |
| **Long-Term Liabilities** | | |
| Total Long-Term Liabilities | | 0.00 |
| Total Liabilities | | 4,264,553.90 |
| **Capital** | | |
| Common Stock | 52,050.00 | |
| Retained Earnings | <788,066.09> | |
| Net Income | <451,547.76> | |
| Total Capital | | <1,187,563.85> |
| Total Liabilities & Capital | | $ 3,076,990.05 |

Unaudited - For Management Purposes Only

Page: 1

Payment Systems Group, Inc.
Statement of Income and Retained Earnings
For the Twelve Months Ending December 31, 2010

| | Current Month | | Year to Date | |
|---|---|---|---|---|
| **Revenues** | | | | |
| Programming Fees | 0.00 | 0.00 | 0.00 | 0.00 |
| Broker Fees | 8,932.35 | 7.14 | 602,362.62 | 32.21 |
| CMR trans fees | 0.00 | 0.00 | 0.00 | 0.00 |
| Mortgage Broker Fees | 0.00 | 0.00 | 0.00 | 0.00 |
| Client Transaction Fees | 67,186.70 | 53.74 | 956,285.90 | 51.14 |
| Consulting Revenue-VA | 48,912.87 | 39.12 | 301,583.29 | 16.13 |
| Design Fees | 0.00 | 0.00 | 0.00 | 0.00 |
| Software Sales | 0.00 | 0.00 | 0.00 | 0.00 |
| Software License Revenue | 0.00 | 0.00 | 0.00 | 0.00 |
| Interest Income | 0.00 | 0.00 | 9,736.70 | 0.52 |
| Other Income | 0.00 | 0.00 | 0.00 | 0.00 |
| Finance Charge Income | 0.00 | 0.00 | 0.00 | 0.00 |
| Shipping Charges Reimbursed | 0.00 | 0.00 | 0.00 | 0.00 |
| Sales Returns and Allowances | 0.00 | 0.00 | 0.00 | 0.00 |
| Sales Discounts | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Revenues** | 125,031.92 | 100.00 | 1,869,968.51 | 100.00 |
| | | | | |
| **Cost of Sales** | | | | |
| Cost of Sales-Computer System | 0.00 | 0.00 | 0.00 | 0.00 |
| Cost of Sales-Salaries and Wag | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Cost of Sales** | 0.00 | 0.00 | 0.00 | 0.00 |
| **Gross Profit** | 125,031.92 | 100.00 | 1,869,968.51 | 100.00 |
| | | | | |
| **Expenses** | | | | |
| Default Purchase Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Deferred Payment Repair | 0.00 | 0.00 | 0.00 | 0.00 |
| Mis-Directed Payment Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Advertising Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Marketing Expense | 22,073.50 | 17.65 | 258,904.30 | 13.85 |
| Amortization Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Auto Expenses | 990.95 | 0.79 | 11,861.16 | 0.63 |
| Bad Debt Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Bank Charges | 5,000.00 | 4.00 | 55,025.00 | 2.94 |
| Collection fees | 983.60 | 0.79 | 983.60 | 0.05 |
| RPPS Fees | 968.94 | 0.77 | 12,227.73 | 0.65 |
| Charitable Contributions Exp | 0.00 | 0.00 | 0.00 | 0.00 |
| Commissions and Fees Exp | 8,907.35 | 7.12 | 600,621.98 | 32.12 |
| Depreciation Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Dues and Subscriptions Exp | 0.00 | 0.00 | 0.00 | 0.00 |
| Employee Benefit Programs Exp | 0.00 | 0.00 | 0.00 | 0.00 |
| Freight Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Travel Expense | 40.00 | 0.03 | 7,591.19 | 0.41 |
| Travel Expense-VA | 1,611.21 | 1.29 | 1,611.21 | 0.09 |
| Gifts Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Income Tax Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Insurance Expense | 0.00 | 0.00 | 39,347.34 | 2.10 |
| Medical Insurance | 2,055.86 | 1.64 | 36,638.77 | 1.96 |
| Check Writing Fees | 8,959.96 | 7.17 | 107,118.52 | 5.73 |
| Interest Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Laundry and Cleaning Exp | 0.00 | 0.00 | 0.00 | 0.00 |

For Management Purposes Only

Page: 2

**Payment Systems Group, Inc.**
**Statement of Income and Retained Earnings**
**For the Twelve Months Ending December 31, 2010**

| | Current Month | | Year to Date | |
|---|---|---|---|---|
| Office Cleaning Service-VA | 0.00 | 0.00 | 0.00 | 0.00 |
| Legal and Professional Expense | 0.00 | 0.00 | 4,137.72 | 0.22 |
| Professional fees-RE | 0.00 | 0.00 | 0.00 | 0.00 |
| Professional fee-Design VA | 0.00 | 0.00 | 0.00 | 0.00 |
| Consultant Expense | 10,600.00 | 8.48 | 73,878.50 | 3.95 |
| Licenses Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Local Taxes | 0.00 | 0.00 | 0.00 | 0.00 |
| Maintenance Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Xerox Copier VA | 0.00 | 0.00 | 0.00 | 0.00 |
| Furniture Expense-VA | 0.00 | 0.00 | 0.00 | 0.00 |
| Equipment Expense-VA | 0.00 | 0.00 | 0.00 | 0.00 |
| Construction Expense-VA | 0.00 | 0.00 | 0.00 | 0.00 |
| Meals and Entertainment Exp | 0.00 | 0.00 | 0.00 | 0.00 |
| Office Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Web Services | 0.00 | 0.00 | 0.00 | 0.00 |
| Computer Software | 0.00 | 0.00 | 0.00 | 0.00 |
| Computer Software Design Exp. | 28,943.13 | 23.15 | 458,257.69 | 24.51 |
| Computer Software Dev 1099 | 0.00 | 0.00 | 0.00 | 0.00 |
| Computer Equipment | 0.00 | 0.00 | 0.00 | 0.00 |
| Payroll Tax Expense | 430.83 | 0.34 | 64,452.40 | 3.45 |
| Personal Property Tax VA | 0.00 | 0.00 | 0.00 | 0.00 |
| Payroll Preparation Expense | 32.35 | 0.03 | 480.35 | 0.03 |
| 401 K Deposit | 1,800.00 | 1.44 | 22,400.00 | 1.20 |
| 401K Salary Derferred | 0.00 | 0.00 | 16,500.00 | 0.88 |
| Penalties and Fines Exp | 0.00 | 0.00 | 0.00 | 0.00 |
| Lender Fees | 0.00 | 0.00 | 0.00 | 0.00 |
| Other Taxes | 0.00 | 0.00 | 11,347.07 | 0.61 |
| Postage Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Rent or Lease Expense | 0.00 | 0.00 | 15,860.48 | 0.85 |
| Rent Expense-VA | 21,085.89 | 16.86 | 254,336.81 | 13.60 |
| Repairs Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| HVAC Servicing-VA | 0.00 | 0.00 | 0.00 | 0.00 |
| Cleaning Expense VA | 260.00 | 0.21 | 5,577.00 | 0.30 |
| Office Supplies Expense | 0.00 | 0.00 | 140.00 | 0.01 |
| Office Supplies-VA | 0.00 | 0.00 | 1,393.49 | 0.07 |
| Supplies Services | 0.00 | 0.00 | 0.00 | 0.00 |
| Communications Expense | 3,407.30 | 2.73 | 117,911.67 | 6.31 |
| Communications Expense-VA | 0.00 | 0.00 | 0.00 | 0.00 |
| Salaries Expense | 3,658.17 | 2.93 | 142,912.29 | 7.64 |
| Wages Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Utilities Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| McKee Loan Repayment Exp. | 0.00 | 0.00 | 0.00 | 0.00 |
| Szelay Loan Repayment Exp. | 0.00 | 0.00 | 0.00 | 0.00 |
| Imagine-Imagery Loan Exp | 0.00 | 0.00 | 0.00 | 0.00 |
| Other Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Purchase Disc-Expense Items | 0.00 | 0.00 | 0.00 | 0.00 |
| Gain/Loss on Sale of Assets | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | |
| Total Expenses | 121,809.04 | 97.42 | 2,321,516.27 | 124.15 |
| | | | | |
| Net Income | 3,222.88 | 2.58 | <451,547.76> | <24.15> |
| Beginning Retained Earnings | <1,242,836.73> | | <788,066.09> | |
| Adjustments To Date | 0.00 | | 0.00 | |
| Dividends Paid | 0.00 | | 0.00 | |

*Handwritten annotations:* LINE 17; = 38,900.; LINE 12; = 11,347  12; = 270,197.29  LINE 11; = 1,533.; LINE 8

For Management Purposes Only

Page: 3

Payment Sysytems Group, Inc.
Statement of Income and Retained Earnings
For the Twelve Months Ending December 31, 2010

| | Current Month | Year to Date |
|---|---|---|
| Ending Retained Earnings | $ <1,239,613.85> | <1,239,613.85> |

For Management Purposes Only

Payment Sysytems Group, Inc.
Balance Sheet
December 31, 2011

ASSETS

| | | | |
|---|---|---|---|
| **Current Assets** | | | |
| Regular Checking Account | $ | <25,507.77> | |
| Accrual Client Funds | | 1,675,112.82 | |
| Money Market Savings | | 2,000,000.00 | |
| Client Fees Receivable | | 203.00 | |
| Total Current Assets | | | 7,649,808.05  *1,649,808.05* |
| **Property and Equipment** | | | |
| Equipment | | 41,000.00 | |
| Leasehold Improvements | | 526,639.55 | |
| Total Property and Equipment | | | 567,639.55 |
| **Other Assets** | | | |
| Total Other Assets | | | 0.00 |
| Total Assets | | $ | 4,217,447.60  *2,217,447.60* |

LIABILITIES AND CAPITAL

| | | | |
|---|---|---|---|
| **Current Liabilites** | | | |
| Client Escrow Funds | $ | 3,682,820.43 — *1,682,820* | |
| Short Term Loan | | 1,819,916.53 — *1,337,339* | |
| Total Current Liabilities | | | 5,502,736.96 |
| **Long-Term Liabilities** | | | |
| Total Long-Term Liabilities | | | 0.00 |
| Total Liabilities | | | 5,502,736.96 |
| **Capital** | | | |
| Common Stock | | 52,050.00 | |
| Retained Earnings | | <1,239,613.85> | |
| Net Income | | <97,725.51> | |
| Total Capital | | | <1,285,289.36> |
| Total Liabilities & Capital | | $ | 4,217,447.60 |
| | | | *2,217,447.6* |

Unaudited - For Management Purposes Only

Page: 1

Payment Sysytems Group, Inc.
Income Statement
For the Twelve Months Ending December 31, 2011

| | Current Month | | | Year to Date | |
|---|---|---|---|---|---|
| **Revenues** | | | | | |
| Programming Fees | $ 0.00 | 0.00 | $ | 0.00 | 0.00 |
| Broker Fees | 3,158.72 | 3.03 | | 30,851.71 | 2.58 |
| CMR trans fees | 0.00 | 0.00 | | 0.00 | 0.00 |
| Mortgage Broker Fees | 0.00 | 0.00 | | 0.00 | 0.00 |
| Client Transaction Fees | 59,925.00 | 57.41 | | 700,749.65 | 58.71 |
| Consulting Revenue-VA | 40,639.12 | 38.93 | | 458,261.84 | 38.39 |
| Design Fees | 0.00 | 0.00 | | 0.00 | 0.00 |
| Software Sales | 0.00 | 0.00 | | 0.00 | 0.00 |
| Software License Revenue | 0.00 | 0.00 | | 0.00 | 0.00 |
| Interest Income | 656.11 | 0.63 | | (3,722.37 | 0.31) |
| Other Income | 0.00 | 0.00 | | 0.00 | 0.00 |
| Finance Charge Income | 0.00 | 0.00 | | 0.00 | 0.00 |
| Shipping Charges Reimbursed | 0.00 | 0.00 | | 0.00 | 0.00 |
| Sales Returns and Allowances | 0.00 | 0.00 | | 0.00 | 0.00 |
| Sales Discounts | 0.00 | 0.00 | | 0.00 | 0.00 |
| | | | | | |
| **Total Revenues** | 104,378.95 | 100.00 | | 1,193,585.57 | 100.00 |
| | | | | | |
| **Cost of Sales** | | | | | |
| Cost of Sales-Computer System | 0.00 | 0.00 | | 0.00 | 0.00 |
| Cost of Sales-Salaries and Wag | 0.00 | 0.00 | | 0.00 | 0.00 |
| | | | | | |
| **Total Cost of Sales** | 0.00 | 0.00 | | 0.00 | 0.00 |
| | | | | | |
| **Gross Profit** | 104,378.95 | 100.00 | | 1,193,585.57 | 100.00 |
| | | | | | |
| **Expenses** | | | | | |
| Default Purchase Expense | 0.00 | 0.00 | | 0.00 | 0.00 |
| Deferred Payment Repair | 0.00 | 0.00 | | 0.00 | 0.00 |
| Mis-Directed Payment Expense | 0.00 | 0.00 | | 0.00 | 0.00 |
| Advertising Expense | 0.00 | 0.00 | | 0.00 | 0.00 |
| Marketing Expense | 80.00 | 0.08 | | 142,036.11 | 11.90 |
| Amortization Expense | 0.00 | 0.00 | | 0.00 | 0.00 |
| Auto Expenses | 990.95 | 0.95 | | 12,792.55 | 1.07 |
| Bad Debt Expense | 0.00 | 0.00 | | 0.00 | 0.00 |
| Bank Charges | 10,000.00 | 9.58 | | 60,000.00 | 5.03 |
| Collection fees | 0.00 | 0.00 | | 382.17 | 0.03 |
| RPPS Fees | 494.36 | 0.47 | | 6,594.49 | 0.55 |
| Charitable Contributions Exp | 0.00 | 0.00 | | 0.00 | 0.00 |
| Commissions and Fees Exp | 2,856.77 | 2.74 | | 20,567.03 | 1.72 |
| Depreciation Expense | 0.00 | 0.00 | | 0.00 | 0.00 |
| Dues and Subscriptions Exp | 0.00 | 0.00 | | 0.00 | 0.00 |
| Employee Benefit Programs Exp | 0.00 | 0.00 | | 0.00 | 0.00 |
| Freight Expense | 0.00 | 0.00 | | 0.00 | 0.00 |
| Travel Expense | 0.00 | 0.00 | | 552.46 | 0.05 |
| Travel Expense-VA | 900.00 | 0.86 | | 4,651.01 | 0.39 |
| Gifts Expense | 0.00 | 0.00 | | 0.00 | 0.00 |
| Income Tax Expense | 0.00 | 0.00 | | 0.00 | 0.00 |
| Insurance Expense | 395.00 | 0.38 | | 28,521.91 | 2.39 |
| Medical Insurance | 8,188.39 | 7.84 | | 36,906.84 | 3.09 |
| Check Writing Fees | 9,460.90 | 9.06 | | 95,110.96 | 7.97 |
| Interest Expense | 0.00 | 0.00 | | 0.00 | 0.00 |
| Laundry and Cleaning Exp | 0.00 | 0.00 | | 0.00 | 0.00 |

For Management Purposes Only

*Handwritten annotations:* 1,189,863.   5,303   239   3,09   7,97

Page: 2

Payment Systems Group, Inc.
Income Statement
For the Twelve Months Ending December 31, 2011

|  | Current Month | | Year to Date | |
|---|---|---|---|---|
| Office Cleaning Service-VA | 0.00 | 0.00 | 0.00 | 0.00 |
| Legal and Professional Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Professional fees-RE | 0.00 | 0.00 | 0.00 | 0.00 |
| Professional fee-Design VA | 21,645.00 | 20.74 | 214,141.08 | 17.94 |
| Consultant Expense | 0.00 | 0.00 | 375.00 | 0.03 |
| Licenses Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Local Taxes | 0.00 | 0.00 | 0.00 | 0.00 |
| Maintenance Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Xerox Copier VA | 0.00 | 0.00 | 12,045.00 | 1.01 |
| Furniture Expense-VA | 0.00 | 0.00 | 700.00 | 0.06 |
| Equipment Expense-VA | 0.00 | 0.00 | 0.00 | 0.00 |
| Construction Expense-VA | 0.00 | 0.00 | 0.00 | 0.00 |
| Meals and Entertainment Exp | 0.00 | 0.00 | 0.00 | 0.00 |
| Office Expense | 0.00 | 0.00 | 10,727.82 | 0.90 |
| Web Services | 0.00 | 0.00 | 0.00 | 0.00 |
| Computer Software | 0.00 | 0.00 | 250,072.00 | 20.91 |
| Computer Software Design Exp. | 0.00 | 0.00 | 0.00 | 0.00 |
| Computer Software Dev 1099 | 0.00 | 0.00 | 0.00 | 0.00 |
| Computer Equipment | 0.00 | 0.00 | 36.64 | 0.00 |
| Payroll Tax Expense | 0.00 | 0.00 | 6,692.40 | 0.56 |
| Personal Property Tax VA | 0.00 | 0.00 | 209.45 | 0.02 |
| Payroll Preparation Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| 401 K Deposit | 0.00 | 0.00 | 0.00 | 0.00 |
| 401K Salary Derferred | 0.00 | 0.00 | 0.00 | 0.00 |
| Penalties and Fines Exp | 0.00 | 0.00 | 0.00 | 0.00 |
| Lender Fees | 0.00 | 0.00 | 4,057.73 | 0.34 |
| Other Taxes | 0.00 | 0.00 | 0.00 | 0.00 |
| Postage Expense | 1,406.00 | 1.35 | 17,096.34 | 1.43 |
| Rent or Lease Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Rent Expense-VA | 21,026.26 | 20.14 | 186,038.62 | 15.59 |
| Repairs Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| HVAC Servicing-VA | 260.00 | 0.25 | 9,773.11 | 0.82 |
| Cleaning Expense VA | 0.00 | 0.00 | 477.44 | 0.04 |
| Office Supplies Expense | 59.47 | 0.06 | 793.64 | 0.07 |
| Office Supplies-VA | 0.00 | 0.00 | 0.00 | 0.00 |
| Supplies Services | 0.00 | 0.00 | 0.00 | 0.00 |
| Communications Expense | 15,164.26 | 14.53 | 169,959.28 | 14.24 |
| Communications Expense-VA | 0.00 | 0.00 | 0.00 | 0.00 |
| Salaries Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Wages Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Utilities Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| McKee Loan Repayment Exp. | 0.00 | 0.00 | 0.00 | 0.00 |
| Smiley Loan Repayment Exp. | 0.00 | 0.00 | 0.00 | 0.00 |
| Imagine-Imagery Loan Exp | 0.00 | 0.00 | 0.00 | 0.00 |
| Other Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Purchase Disc-Expense Items | 0.00 | 0.00 | 0.00 | 0.00 |
| Gain/Loss on Sale of Assets | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | |
| Total Expenses | 92,927.36 | 89.03 | 1,291,311.08 | 108.19 |
| | | | | |
| Net Income | $  11,451.59 | 10.97 | $  <97,725.51> | <8.19> |

For Management Purposes Only



Payment Sysytems Group, Inc.
Balance Sheet
December 31, 2012

ASSETS

| Current Assets | | |
|---|---|---|
| Regular Checking Account | $ | 28,675.86 |
| Accrual Client Funds | | 331,405.06 |
| Money Market Savings | | ~~2,000,000.00~~ |
| Client Fees Receivable | | 203.00 |
| | | |
| Total Current Assets | | 360,283.92    360,283 |
| | | |
| Property and Equipment | | |
| Equipment | | 41,000.00 |
| Leasehold Improvements | | 526,639.55 |
| | | |
| Total Property and Equipment | | 567,639.55 |
| | | |
| Other Assets | | |
| | | |
| Total Other Assets | | 0.00    T. 929,922 |
| | | |
| Total Assets | $ | 2,927,923.47 |

LIABILITIES AND CAPITAL

| Current Liabilities | | |
|---|---|---|
| Client Escrow Funds | $ | 2,339,112.67 |
| Short Term Loan | | 2,035,195.08 |
| | | |
| Total Current Liabilities | | 4,374,307.75    536,760 |
| | | DIFF OF 331.112 |
| Long-Term Liabilities | | 52,050 |
| | | |
| Total Long-Term Liabilities | | 0.00    929,922 |
| | | |
| Total Liabilities | | 4,374,307.75 |
| | | |
| Capital | | |
| Common Stock | | 52,050.00    RETAINED EARNINGS |
| Retained Earnings | | <1,337,339.36> |
| Net Income | | <161,094.92> |
| | | |
| Total Capital | | <1,446,384.28> |
| | | |
| Total Liabilities & Capital | $ | 2,927,923.47 |

Unaudited - For Management Purposes Only

Page: 1

Payment Sysytems Group, Inc.
Income Statement
For the Twelve Months Ending December 31, 2012

| | Current Month | | | Year to Date | |
|---|---:|---:|---|---:|---:|
| **Revenues** | | | | | |
| Programming Fees | $ 0.00 | 0.00 | $ | 0.00 | 0.00 |
| Broker Fees | 17,112.22 | 21.13 | | 134,441.40 | 11.93 |
| CMR trans fees | 0.00 | 0.00 | | 0.00 | 0.00 |
| Mortgage Broker Fees | 0.00 | 0.00 | | 0.00 | 0.00 |
| Client Transaction Fees | 30,585.60 | 37.77 | | 420,092.23 | 37.29 |
| Consulting Revenue-VA | 33,277.79 | 41.10 | | 570,058.82 | 50.60 |
| Design Fees | 0.00 | 0.00 | | 0.00 | 0.00 |
| Software Sales | 0.00 | 0.00 | | 0.00 | 0.00 |
| Software License Revenue | 0.00 | 0.00 | | 0.00 | 0.00 |
| Interest Income | 0.00 | 0.00 | | 2,032.91 | 0.18 |
| Other Income | 0.00 | 0.00 | | 0.00 | 0.00 |
| Finance Charge Income | 0.00 | 0.00 | | 0.00 | 0.00 |
| Shipping Charges Reimbursed | 0.00 | 0.00 | | 0.00 | 0.00 |
| Sales Returns and Allowances | 0.00 | 0.00 | | 0.00 | 0.00 |
| Sales Discounts | 0.00 | 0.00 | | 0.00 | 0.00 |
| **Total Revenues** | 80,975.61 | 100.00 | | 1,126,625.36 | 100.00 |
| | | | | | |
| **Cost of Sales** | | | | | |
| Cost of Sales-Computer System | 0.00 | 0.00 | | 0.00 | 0.00 |
| Cost of Sales-Salaries and Wag | 0.00 | 0.00 | | 0.00 | 0.00 |
| **Total Cost of Sales** | 0.00 | 0.00 | | 0.00 | 0.00 |
| **Gross Profit** | 80,975.61 | 100.00 | | 1,126,625.36 | 100.00 |
| | | | | | |
| **Expenses** | | | | | |
| Default Purchase Expense | 0.00 | 0.00 | | 0.00 | 0.00 |
| Deferred Payment Repair | 0.00 | 0.00 | | 0.00 | 0.00 |
| Mis-Directed Payment Expense | 0.00 | 0.00 | | 0.00 | 0.00 |
| Advertising Expense | 0.00 | 0.00 | | 2,573.55 | 0.23 |
| Marketing Expense | 0.00 | 0.00 | | 0.00 | 0.00 |
| Amortization Expense | 0.00 | 0.00 | | 5,855.70 | 0.52 |
| Auto Expenses | 1,641.01 | 2.03 | | 2,494.55 | 0.22 |
| Auto DMS Fees | 0.00 | 0.00 | | 0.00 | 0.00 |
| Bad Debt Expense | 5,000.00 | 6.17 | | 54,943.11 | 4.88 |
| Bank Charges | 0.00 | 0.00 | | 16.77 | 0.00 |
| Collection fees | 501.38 | 0.62 | | 6,105.24 | 0.54 |
| RPPS Fees | 0.00 | 0.00 | | 0.00 | 0.00 |
| Charitable Contributions Exp | 15,759.10 | 19.46 | | 110,737.60 | 9.83 |
| Commissions and Fees Exp | 0.00 | 0.00 | | 0.00 | 0.00 |
| Depreciation Expense | 0.00 | 0.00 | | 0.00 | 0.00 |
| Dues and Subscriptions Exp | 0.00 | 0.00 | | 0.00 | 0.00 |
| Employee Benefit Programs Exp | 0.00 | 0.00 | | 0.00 | 0.00 |
| Freight Expense | 0.00 | 0.00 | | 0.00 | 0.00 |
| Travel Expense | 233.00 | 0.29 | | 1,784.52 | 0.16 |
| Travel Expense-VA | 0.00 | 0.00 | | 0.00 | 0.00 |
| Gifts Expense | 0.00 | 0.00 | | 0.00 | 0.00 |
| Income Tax Expense | 0.00 | 0.00 | | 7,384.99 | 0.66 |
| Insurance Expense | 1,933.99 | 2.39 | | 27,939.48 | 2.48 |
| Medical Insurance | 5,688.52 | 7.02 | | 84,626.60 | 7.51 |
| Check Writing Fees | 0.00 | 0.00 | | 0.00 | 0.00 |
| Interest Expense | | | | | |

For Management Purposes Only

Page: 2

Payment Sysytems Group, Inc.
Income Statement
For the Twelve Months Ending December 31, 2012

| | Current Month | | Year to Date | |
|---|---|---|---|---|
| Laundry and Cleaning Exp | 0.00 | 0.00 | 0.00 | 0.00 |
| Office Cleaning Service-VA | 0.00 | 0.00 | 0.00 | 0.00 |
| Legal and Professional Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Professional fees-RE | 0.00 | 0.00 | 0.00 | 0.00 |
| Professional fee-Design VA | 0.00 | 0.00 | 0.00 | 0.00 |
| Consultant Expense | 17,414.60 | 21.51 | 196,630.04 | 17.45 |
| Licenses Expense | 0.00 | 0.00 | 369.84 | 0.03 |
| Local Taxes | 0.00 | 0.00 | 0.00 | 0.00 |
| Maintenance Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Xerox Copier VA | 0.00 | 0.00 | 0.00 | 0.00 |
| Furniture Expense-VA | 0.00 | 0.00 | 251.82 | 0.02 |
| Equipment Expense-VA | 0.00 | 0.00 | 0.00 | 0.00 |
| Construction Expense-VA | 0.00 | 0.00 | 0.00 | 0.00 |
| Meals and Entertainment Exp | 0.00 | 0.00 | 0.00 | 0.00 |
| Office Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Web Services | 0.00 | 0.00 | 0.00 | 0.00 |
| Computer Software | 0.00 | 0.00 | 0.00 | 0.00 |
| Computer Software Design Exp. | 0.00 | 0.00 | 207,555.00 | 18.42 |
| Computer Software Dev 1099 | 0.00 | 0.00 | 0.00 | 0.00 |
| Computer Equipment | 0.00 | 0.00 | 14,018.57 | 1.24 |
| Payroll Tax Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Personal Property Tax VA | 0.00 | 0.00 | 318.46 | 0.03 |
| Payroll Preparation Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| 401K Deposit | 0.00 | 0.00 | 16,500.00 | 1.46 |
| 401K Salary Derferred | 0.00 | 0.00 | 0.00 | 0.00 |
| Penalties and Fines Exp | 0.00 | 0.00 | 0.00 | 0.00 |
| Lender Fees | 0.00 | 0.00 | 0.00 | 0.00 |
| Other Taxes | 0.00 | 0.00 | 0.00 | 0.00 |
| Postage Expense | 1,329.42 | 1.64 | 16,413.43 | 1.46 |
| Rent or Lease Expense | 21,800.44 | 26.92 | 260,319.14 | 23.11 |
| Rent Expense-VA | 0.00 | 0.00 | 0.00 | 0.00 |
| Repairs Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| HVAC Servicing-VA | 520.00 | 0.64 | 5,490.10 | 0.49 |
| Cleaning Expense VA | 0.00 | 0.00 | 612.91 | 0.05 |
| Office Supplies Expense | 7.12 | 0.01 | 290.45 | 0.03 |
| Office Supplies-VA | 0.00 | 0.00 | 0.00 | 0.00 |
| Supplies Services | 11,069.96 | 13.67 | 229,242.72 | 20.35 |
| Communications Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Communications Expense-VA | 0.00 | 0.00 | 35,245.69 | 3.13 |
| Salaries Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Wages Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Utilities Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| McKee Loan Repayment Exp. | 0.00 | 0.00 | 0.00 | 0.00 |
| Szalay Loan Repayment Exp. | 0.00 | 0.00 | 0.00 | 0.00 |
| Imaginc-Imagery Loan Exp | 0.00 | 0.00 | 0.00 | 0.00 |
| Other Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Purchase Disc-Expense Items | 0.00 | 0.00 | 0.00 | 0.00 |
| Gain/Loss on Sale of Assets | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | |
| Total Expenses | 82,898.54 | 102.37 | 1,287,720.28 | 114.30 |
| | | | | |
| Net Income | $ <1,922.93> | <2.37> | $ <161,094.92> | <14.30> |

For Management Purposes Only